**STATE of Minnesota, Plaintiff,**

v.

**William Newton HOOD, Defendant.**

**No. 82–428.**

Supreme Court of Minnesota.

June 7, 1982.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Kelly, County Atty., and John H. Lindstrom, Asst. County Atty., Stillwater, for plaintiff.

Doyle & Michales and Stephen Patrick Doyle, Minneapolis, for defendant.

OTIS, Justice.

This is a criminal appeal pursuant to an order of the district court certifying a question as important and doubtful, Minn.R. Crim.P. 29.02, subd. 4. The state is prosecuting defendant for three traffic offenses, including aggravated driving while under the influence, Minn.Stat. § 169.129 (1980), a gross misdemeanor. The issue certified to this court is whether the issuance of a limited license to defendant by the commissioner of public safety pursuant to section 169.123, subd. 9, constituted a reinstatement of defendant's driver's license for the purpose of section of 169.129, the aggravated driving while under the influence statute. We hold that it did not and remand for trial.

Section 169.129 provides as follows:

Any person who drives, operates, or is in physical control of a motor vehicle, the operation of which requires a driver's license, within this state in violation of section 169.121 or an ordinance in conformity therewith before his driver's license or driver's privilege has been reinstated following its cancellation, suspension, or revocation (1) because he drove, operated, or was in physical control of a motor vehicle while under the influence of alcohol or a controlled substance or while he had an alcohol concentration of 0.10 or more or (2) because he refused to take a test which determines the presence of alcohol or a controlled substance when requested to do so by a proper authority, is guilty of a gross misdemeanor. Jurisdiction over prosecutions under this section is in the district court.

In *State v. Stankey*, 302 N.W.2d 347 (Minn.1981), we held that when a driver's

license is revoked for driving while under the influence or failure to comply with the implied consent law, the license continues to be revoked within the meaning of the aggravated driving while under the influence statute until the license is reinstated.

■ The reinstated license to which we referred in *State v. Stankey*, 302 N.W.2d 347 (Minn.1981) differs from the limited license issued to defendant pursuant to section 169.123, subd. 9. Section 169.1261 governs reinstatement of one's driving privileges after they have been revoked under section 169.121 or 169.123. One's license cannot be reinstated until the revocation period has expired and the necessary prerequisites to reinstatement specified in section 169.-1261 have been satisfied. *State v. Stankey*, 302 N.W.2d 347 (Minn.1981).[1]

■ Any act of driving while under the influence by defendant before his license was reinstated pursuant to section 169.1261 subjected him to prosecution under section 169.129, the aggravated driving while under the influence statute. Stated differently, the fact that defendant had a limited license pursuant to section 169.123, subd. 9, is not a defense.

Remanded for trial.

---

1. The expiration date for the revocation period can be advanced 1 month by the commissioner

pursuant to section 169.123, subd. 10.